IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KRYSTLE L. REISLER,          :
    Plaintiff          :
              :          No. 4:14-cv-1566
    v.          :
              :          (Judge Kane)
GIW ENTERPRISES, d/b/a          :
McDONALD'S,          :
    Defendant          :

**MEMORANDUM**

Before the Court are Plaintiff Krystle Reisler's and Defendant GIW Enterprises' motions in limine. For the following reasons, the Court will grant as unopposed Plaintiff's motions in limine (Doc. Nos. 43, 48), and deny Defendant's motions in limine (Doc. Nos. 42, 45).

## I.  BACKGROUND

In July 2011, Plaintiff Krystle Reisler began work at Defendant GIW Enterprises' McDonald's restaurant in Tioga County, Pennsylvania.[1] (Doc. Nos. 1 ¶¶ 6, 8; 18 ¶¶ 6, 8.) In March 2013, a co-worker, James Durham, allegedly harassed Plaintiff at work by grabbing Plaintiff's person and making sexually-charged comments. (Doc. No. 1 ¶¶ 11-13.) Plaintiff reported the harassment to a manager (Doc. Nos. 1 ¶ 14; 18 ¶ 14-15), who advised Plaintiff that she would address the matter to the head manager (Doc. No. 1 ¶¶ 15-16).

According to the complaint, the sexual harassment continued for weeks, Plaintiff reported Durham's conduct again to the two managers, and Durham subsequently began to follow Plaintiff around the McDonald's. (Id. ¶¶ 19-21, 24-28.) In April 2013, Plaintiff allegedly reported the incidents to Mansfield Borough Police and spoke with the owner of the restaurant, Robert Walsh. (Doc. Nos. 1 ¶¶ 32, 34; 18 ¶ 34.) Plaintiff asserts that Walsh accused her of lying

_____

[1] Plaintiff briefly stopped working at the McDonald's around October 2012 and returned in January 2013. (Doc. Nos. 1 ¶¶ 9-10; 18 ¶¶ 9-10.)

1

and indicated that he would not fire Durham "because he did not want to pay unemployment benefits." (Doc. No. 1 ¶ 36.) Durham was suspended in April 2013 (Doc. Nos. 1 ¶ 38; 18 ¶ 38), though Durham's "stalking" purportedly continued throughout April 2013 (Doc. No. 1 ¶ 41-45). Plaintiff resigned from her position at McDonald's on April 22, 2013. (See Doc. Nos. 1 ¶ 46; 18 ¶ 46.) Shortly thereafter, Durham was charged with indecent assault, stalking, and harassment. (Doc. Nos. 1 ¶ 48; 18 ¶ 48.)

On June 26, 2013, Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC"). (Doc. Nos. 1 ¶ 49; 18 ¶ 49.) The PHRC charge of discrimination was dual filed with the Equal Employment Opportunity Commission ("EEOC"). (Doc. Nos. 1 ¶ 50; 18 ¶ 50.) After receiving a right to sue letter from the EEOC (Doc. No. 1 ¶ 51), Plaintiff filed a complaint against Defendant GIW Enterprises on August 8, 2014 (Doc. No. 1). In her complaint, Plaintiff brings claims of hostile work environment and constructive discharge against Defendant under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16 ("Title VII"). (Id. ¶¶ 52-62.) Plaintiff also alleges a count of hostile work environment and constructive discharge under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 et seq. (Id. ¶¶ 70-73.) Defendant filed an answer to the complaint on January 20, 2015. (Doc. No. 18.)

On January 3, 2017, Defendant filed motions in limine to exclude: (1) evidence and testimony regarding the re-hiring of James Durham (Doc. No. 42); and (2) evidence and testimony regarding Plaintiff's expert, Carol A. Hughes, M.A (Doc. No. 45). Plaintiff also filed motions in limine to exclude: (1) evidence of Plaintiff's prior juvenile arrest (Doc. No. 43); and (2) testimony concerning the identity or location of a telephone number (Doc. No. 48). On January 16, 2017, Defendant notified this Court that it does not object to excluding evidence of

Plaintiff's prior juvenile record.[2]  (Doc. No. 62.)  The parties' motions have been briefed and are ripe for disposition.

## II.    DISCUSSION

### A.    Defendant's motion in limine to exclude the "re-hiring" of James Durham

Defendant moves to preclude Plaintiff from introducing evidence or testimony about James Durham's resumed employment with Defendant, following his suspension and Plaintiff's resignation.  (Doc. No. 42 ¶¶ 9-10.)  Defendant argues that evidence about Durham's return in May 2013 has no probative value, "would create an unfair prejudice, [would] confuse the issues, [would] mislead the jury," and should be excluded under Federal Rule of Evidence 403.  (Id. ¶¶ 12-13.)  Plaintiff opposes the motion and "vehemently" disputes that Durham was terminated in April 2013.  (Doc. No. 72 at 2.)  Plaintiff argues that the circumstances surrounding Durham's termination are relevant to her Title VII and PHRA claims.  (See id. at 1-3.)

Federal Rule of Evidence 403 provides that "[a] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The United States Court of Appeals for the Third Circuit has addressed how to weigh the Rule 403 factors as follows:

> Rule 403 creates a presumption of admissibility. When weighing the Rule 403 factors, courts 'must appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant.' Evidence should not be excluded under Rule 403 'merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value . . . .

United States v. Claxton, 766 F.3d 280, 302 (3d Cir. 2014) (internal citations omitted).

---

[2] Accordingly, the Court will grant as unopposed Plaintiff's motion in limine to exclude evidence of her prior juvenile arrest.  (Doc. Nos. 43, 62.)

Here, the Court is not persuaded that the prejudicial effect of introducing evidence about Durham's resumed employment substantially outweighs its probative value.  First, evidence about Durham's return is relevant to the factual dispute over whether Defendant was suspended or terminated Durham in April 2013.  (<u>Compare</u> Doc. Nos. 1 ¶ 38; 75 at 2, <u>with</u> Doc. Nos. 18 ¶ 38; 65 at 2, 4.)  Second, the circumstances of Durham's departure and return to Defendant's employ are relevant to management's knowledge of the alleged conduct and the care exercised by Defendant to prevent harassment in the workplace.  <u>See</u> Model Civ. Jury Instr. 3rd Cir. 5.1.4 (2015); Model Civ. Jury Instr. 3rd Cir. 5.1.5 (2015).

Accordingly, the Court declines to find that Defendant's concerns of prejudice and confusion substantially outweigh the evidence's probative value.  Defendant's motion <u>in</u> <u>limine</u> to exclude the "re-hiring" of James Durham will be denied.

**B.      Defendant's motion <u>in</u> <u>limine</u> to exclude evidence from Carol A. Hughes**

Defendant also moves to preclude evidence and testimony from Plaintiff's expert Carol A. Hughes, M.A under Federal Rules of Evidence 403, 702, and 703.  (Doc. No. 45 at 2-3.) Specifically, Defendant argues that Hughes' psychological evaluation report fails to identify the injury caused by Defendant's alleged conduct, summarizes Plaintiff's allegations, and does not offer an expert opinion that is helpful to the trier of fact.  (Doc. Nos. 45 at 2-3; 64 at 5.)  In essence, Defendant contends that the report is cumulative and not helpful to the trier of fact. (<u>See</u> Doc. No. 64.)  Plaintiff responds that Hughes' opinions will assist the jury and that the Federal Rules of Evidence do not require an expert to opine that "an 'injury' has occurred." (Doc. No. 70 at 1-2.)

Defendant attaches Hughes' report to its motion <u>in</u> <u>limine</u>.  (Doc. No. 45-1.)  The report addresses the allegations of the above-captioned action, details Plaintiff's family, medical, legal,

mental health and educational history, and includes a three-paragraph "Discussion" section.  The

"Discussion" section addresses a connection between Plaintiff's childhood victimization and the

events underlying the present allegations.  For example, the report states:

> Within the workplace setting, [Plaintiff] Reisler's experience was that of feeling
> as though her voice was not being heard and that the working conditions that were
> compromising her sense of safety and indeed her physical safety, and that was
> comprising her mental health stability, were not being addressed in a manner to
> ensure workplace safety. All of this would have potential to act as a trigger for
> Ms. Reisler, activating a central nervous system that, given her trauma history, is
> most likely in a state of hypervigilance and increased arousal (state of alarm) . . . .
> Dismissing Ms. Reisler's expressed sense of fear and emotional dysregulation in
> this situation fails to recognize and appreciate that the scaffolding, the
> undergirding for her situational response, her alarm and her sense of fear, is
> severe trauma.

(Doc. No. 45-1 at 10-11.)

At this stage, the Court cannot determine whether Hughes' report or testimony is

cumulative.  Similarly, absent any briefing by the parties on Hughes' qualifications or the

methodology and data behind the report, the Court declines to determine at this time whether

Hughes' report and testimony would be helpful to the trier of fact.  See, e.g., Bernheisel v.

Mikaya, No. 13-01496, 2016 WL 4247795, at *2 (M.D. Pa. Aug. 9, 2016).  Reserving judgment

on this matter permits this Court to carefully ascertain whether the testimony is indeed

cumulative or not helpful to the trier of fact.  Therefore, the Court will deny Defendant's motion

in limine to exclude evidence and testimony from Carol A. Hughes without prejudice to its right

to raise the issue during trial.

### C.     Plaintiff's motion in limine to preclude testimony on a telephone number

Plaintiff moves the Court to exclude testimony regarding the identity of a telephone

number.  (Doc. No. 48.)  During her deposition, Plaintiff testified that – following an April 13,

2013 telephone call between Plaintiff and Defendant's owner, Robert Walsh – Plaintiff wrote

down a telephone number, 570-201-0026, in her notes.  (Id. at 1.)  Walsh reportedly testified that

the number does not belong to him, and counsel for Defendant indicated that he "cross-referenced" the number and determined it was "registered to a Rush Township."  (Id.)

Plaintiff argues that the information about the telephone number's owner or location is inadmissible hearsay because counsel's reference to "cross-referenc[ing]" presumably indicates that counsel searched for the telephone number on the Internet.  (Doc. Nos. 48 at 2; 49.)  Plaintiff also contends that information about the number "obtained through 'googling'" is subject to the authentication requirement.  (Doc. No. 49) (citing Fed. R. Evid. 901).  Defendant concurs that counsel for Defendant "will not question any witnesses" regarding his research into the number's owner or location, counsel for Defendant will not testify as to his efforts identifying the number, and that Walsh will not testify about the number's reported registration to Rush Township.[3] (Doc. No. 63 at 2.)

Accordingly, the Court will grant as unopposed Plaintiff's motion in limine to preclude testimony about the identity of the telephone number to the extent that the testimony is based on counsel for Defendant performing an Internet search of the telephone number.

## III.   CONCLUSION

For the reasons stated above, the Court will grant as unopposed Plaintiff's motions in limine (Doc. Nos. 43, 48), and deny Defendant's motions in limine (Doc. Nos. 42, 45).  An order consistent with this memorandum follows.

---

[3] Defendant argues, however, that its witnesses "should be allowed to testify that the number recorded by the Plaintiff after her alleged conversation with Robert Walsh was not, in fact, the number of Robert Walsh."  (Doc. No. 63 at 2.)